IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02523-BNB

RONALD L. TRUJILLO (CJC #00197777) (DOC #64666),

Plaintiff,

v.

MISS CAMBELL (Deputy Sheriff) (# Unknown),
MR. CHRISTIAN (Deputy Sheriff) (#08034),
C/O (SHERIFF) TERRY MAKETA (El Paso County Jail) (C.J.C.),
C/O (SHERIFF) TERRY MAKETA (El Paso County Jail) (Medical), and
MISS KINNER (Deputy Sheriff) (# Unknown),

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 02 2010

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

At the time of filing, Plaintiff, Ronald L. Trujillo, was incarcerated at the El Paso County Detention Facility. Mr. Trujillo was released from the custody of the El Paso County Sheriff's Office in December 2009. He filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 for money damages and injunctive relief. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe Mr. Trujillo's filings liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Trujillo will be directed to file an amended complaint.

In his first claim, Mr. Trujillo alleges that, on April 27, 2009, he was assaulted by Defendant Cambell. He complains that after asking him to put his hands on the wall for

a pat search, Defendant Cambell struck his testicles aggressively and without cause. In his second claim, Mr. Trujillo alleges that on August 15, 2009, Defendant Christian entered Mr. Trujillo's cell and kicked his right foot. Mr. Trujillo alleges that he recently had surgery on his foot, and Defendant Christian's actions caused him extreme pain and injury. In his third claim, Mr. Trujillo includes numerous and vague allegations of injury, including lack of access to a library, placement in solitary confinement, and assault. However, Mr. Trujillo fails to include any allegations against any of the named Defendants. In his fourth claim, Mr. Trujillo asserts that Defendant Kinner has denied him access to medical care for several different injuries. Finally, in his fifth claim, Mr. Trujillo asserts that Defendant Kinner and six unnamed deputies assaulted him and placed him in solitary confinement.

Mr. Trujillo must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Trujillo must name and show how named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Sheriff Terry Maketa, may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Trujillo may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated her rights. However, if

Mr. Trujillo uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

The amended complaint Mr. Trujillo is directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Trujillo to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Mr. Trujillo sets forth an unnecessary discussion of often

insignificant details in support of his claims rather than providing "a generalized statement of the facts from which the defendant[s] may form a responsive pleading." *New Home Applicant Ctr., Inc. v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Mr. Trujillo, therefore, will be directed to file an amended complaint that contains a short and plain statement of his claims, asserts what constitutional rights were violated, and alleges specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that Plaintiff, Ronald L. Trujillo, file **within thirty days from the date of this order** an amended Complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Trujillo, together with a copy of this order, two copies of the Court-approved Complaint form to be used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Trujillo fails to file an amended complaint as directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 2, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02523-BNB

Ronald L. Trujillo
2521 Camelot Court
Colorado Springs, CO 80904

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 4/2/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk