IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02523-BNB

RONALD L. TRUJILLO - 64666,

    Plaintiff,

v.

MISS CAMBELL (Deputy Sheriff),
MR. CHRISTIAN (Deputy Sheriff),
MR. CAMBELL, (Deputy Sheriff),
SGT. MISS KINNER (Deputy Sheriff), and
MR. TERRY MAKETA (Sheriff),

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 0 2 2010

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, Ronald L. Trujillo, is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Fremont Correctional Facility. Mr. Trujillo filed a *pro se* prisoner complaint on November 23, 2009, asserting that his rights under the United States Constitution have been violated. He has been granted leave to proceed *in forma pauperis*.

On April 2, 2010, Magistrate Judge Boyd N. Boland determined that the complaint was deficient for failure to allege the personal participation of all named Defendants. Accordingly, Magistrate Judge Boland ordered Mr. Trujillo to file an amended prisoner complaint. Mr. Trujillo filed an amended prisoner complaint on June 24, 2010.

The Court must construe the amended prisoner complaint liberally because Mr. Trujillo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2 at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

In the amended complaint, Mr. Trujillo asserts five claims. First, he asserts that on April 27, 2009 he was assaulted by Defendant Miss Cambell during a pat search. Amended Complaint at 4. In his second claim, he asserts that on August 15, 2009, Defendant Christian entered his cell and kicked his foot as he was sleeping, causing him great pain and injury due to a recent surgery on that foot. *Id.* at 5. Third, Mr. Trujillo alleges that, on October 8, 2009, he asked Defendant Mr. Cambell to separate him from his cell mate in order to prevent a fight. Instead of protecting him, Defendant Mr. Cambell allegedly moved him into a contaminated cell and participated in assaulting him. *Id.* at 6. Fourth, Mr. Trujllo alleges that on October 10, 2009 Defendant Kinner ordered a team of deputies to remove him from his cell and to assault him without cause. *Id.* at 7. He also alleges that Defendant Kinner denied him medical attention for his resulting injuries. *Id.* Fifth, Mr. Trujillo alleges that Defendant Sheriff Terry Maketa failed to "properly hire, train, and supervise" the other named defendants. *Id.* at 8. Plaintiff seeks compensatory and punitive damages.

In his fifth claim, Mr. Trujillo is suing Defendant Maketa because this defendant allegedly is responsible for the constitutional violations committed by his subordinates or employees. These allegations fail to establish the personal participation of Defendant Maketa. Mr. Trujillo was previously warned by Magistrate Judge Boland that personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Trujillo has failed to allege an affirmative link between the alleged constitutional violations and Defendant Maketa. Because Mr. Trujillo fails to assert that Defendant Maketa personally participated in violating his constitutional rights, Defendant Terry Maketa is an improper party to the action. Accordingly, Plaintiff's fifth claim against Defendant Maketa will be dismissed.

The Court will not address at this time the merits of Mr. Trujillo's Eighth Amendment claims against the remaining Defendants. Instead, this action will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Defendant Terry Maketa is dismissed as a party to this action for lack of personal participation. The Clerk of the Court is instructed to remove Defendant Terry Maketa as a named party to the suit. It is

FURTHER ORDERED that Plaintiff's fifth claim is dismissed. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this  1st  day of  July , 2010.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02523-BNB

Ronald L. Trujillo
Prisoner No. 64666
Fremont Corr. Facility
P.O. Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/2/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk