IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 09-cv-02523-REB-MEH

RONALD L. TRUJILLO,

    Plaintiff,

v.

MISS CAMBELL (Deputy Sheriff),
MR. CHRISTINA (Deputy Sheriff),
MR. CAMBELL (Deputy Sheriff), and
SGT. MISS KINNER (Deputy Sheriff),

    Defendants.

## TRIAL PREPARATION CONFERENCE ORDER

**Blackburn, J.**

Pursuant to D.C.COLO.LCivR 43.1, and REB Civ. Practice Standard IV.A.1., the court enters this **Trial Preparation Conference Order**.

**IT IS ORDERED** as follows:

1. That in order to resolve pretrial issues implicating Fed.R.Evid. 702, the following procedural protocol shall be used:

    a. That expert reports shall conform in substance to the requirements of Fed.R.Civ.P. 26(a)(2)(B) and shall contain and include the following:

        1. a complete statement of each expert opinion to be expressed and the bases and reasons therefor;

        2. the data or other information considered by the witness in forming each expert opinion;

        3. any exhibits to be used as a summary of or support for each

expert opinion;

    4. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years, stated in a *curriculum vitae* ("c.v.");

    5. the compensation to be paid the expert for the study and testimony; and

    6. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

  b. That all motions raising issues under Fed.R.Evid. 702 as codified and construed shall be filed by **January 14, 2011**, and marshaled thereafter as prescribed by **D.C.COLO.LCivR 7.1C.**;

  c. That for each putative expert witness with respect to whom the movant objects for any reason, the movant shall provide the following:

    1. whether the movant contends that the testimony of the expert is unnecessary or irrelevant; and if so, why;

    2. whether the movant objects to the qualifications of the witness; and if so, why (stated in detail); and

    3. whether the movant objects to any opinion to be offered by the expert; and if so:

      a. which opinion; and

      b. the specific basis and authority for any objection stated and presented in terms of Fed.R.Evid. 401 and/or 702(1), (2), or (3), i.e., whether the objection impugns the relevancy of the opinion, whether the objection impugns the sufficiency of the facts and data used in support of the opinion, whether the objection

impugns the principles and methods on which the expert relied in support of the opinion, or whether the objection impugns how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion; and

    d. That for each putative expert witness whose necessity, qualifications, or opinions are opposed by the movant, the party offering the expert shall provide in response to the motion the following:

    1. a c.v. for the expert;

    2. a statement of each opinion to be offered by the expert that is opposed by the movant; and

    3. the relevance and bases for each allegedly objectionable statement to be offered by the expert, including

        a. the facts or data on which the expert relied in support of the opinion made the focus and subject of objection;

        b. the principles and methods on which the expert relied in support of the opinion made the focus and subject of objection; and

        c. how the expert has applied the principles and methods reliably to the facts of the case relevant to the opinion made the focus and subject of objection;

2. That trial by jury shall commence **May 23, 2011**, at 8:30 a.m., in courtroom A1001, located on the 10th Floor North, of the Alfred A. Arraj, United States Courthouse, 901 19th Street, Denver, Colorado 80294, at which trial all parties shall appear in person without further notice, order, or subpoena;

3. That the court reserves three (3) days for trial;

4. That counsel and any *pro se* party shall appear in courtroom A1001 on the first

day of trial at 8:00 a.m., to review the **Trial Checklist** with the courtroom deputy clerk;

5. That the **Trial Preparation Conference** required by REB Civ. Practice Standard IV.C.1., shall commence on **May 6, 2011**, at 4:00 p.m., in courtroom A1001;

6. That lead counsel and any *pro se* party shall attend the Trial Preparation Conference;

7. That at the outset of the Trial Preparation conference, the parties shall submit one Parties' Joint Exhibit List on the form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) and shall submit on the Witness List form required by the court (an original for the court with copies for the courtroom deputy clerk and all other parties) a "will call" witness list enumerating the name and address of each witness that will be called and a "may call" witness list enumerating the name and address of each witness that may be called; provided, furthermore, that the "will call" witness list constitutes a representation on which the court and every other party may rely that the "will call" witnesses listed will be present and available to testify during trial;

8. That at the Trial Preparation Conference the parties shall be prepared to review and discuss, *inter alia*, the following:

  a. stipulated and proposed jury instructions and verdict forms;

  b. *voir dire* questions;

  c. the jury selection process and the use of juror questionnaires;

  d. identification of all persons permitted to be seated at each party's table;

  e. the pronunciation of problematic party's and witness' names;

  f. the names or monikers that may be used when referring to a party or a witness;

    g. identification of "will call" and "may call" witnesses;

    h. use of deposition testimony:

      1. designation of specific testimony by page and line; and

      2. identification of the person selected to read deposition answers;

    i. use of video depositions:

      1. resolution of objections;

      2. pretrial redaction, if necessary; and

      3. arrangements for necessary equipment to broadcast the deposition;

    j. the allocation of trial time between the parties;

    k. the admission of stipulated exhibits or exhibits about which there are no objections;

    l. timing of publication, if any, of trial exhibits to the jury;

    m. anticipated evidentiary issues;

    n. the necessity for cautionary or limiting instructions;

    o. requests or requirement for trial briefs; and

    p. exemptions from the order of sequestration of witnesses;

  9. That each side shall be permitted voir dire examination not to exceed 15 minutes following voir dire examination by the court, but shall not reiterate questions previously propounded by the court or another party;

  10. That pending further court order, the jurors shall not be sequestered before deliberations;

  11. That trial witnesses subject to sequestration under Fed.R.Evid. 615 shall be sequestered by order entered *sua sponte* immediately before opening statements;

12. That opening statements shall be limited to **thirty (30)** minutes per party;

13. That the court will not engage in the examination of any witness, except to eschew plain error;

14. That pursuant to REB Civ. Practice Standard III.D.4.b., each party shall have available at trial a set of exhibits for the court, the courtroom deputy clerk, opposing counsel (one set per party), and any *pro se* party;

15. That objections made in the presence or hearing of the jury, i.e., so-called "speaking" objections, shall be stated as succinctly as practicable and supported by recitation of apposite authority when possible; however, neither counsel nor a pro se party shall speechify an objection in the presence or hearing of the jury [*See* Fed.R.Evid. 103(c)];

16. That unless interrupted by the court, in marshaling motions or objections during trial, the following sequential protocol shall be observed: objection, response, reply, ruling;

17. That to eliminate or minimize bench or sidebar conferences, each party shall be responsible to inform the courtroom deputy clerk by the conclusion of a trial day about any issue which should be considered before commencing trial on the next scheduled day of trial and at the outset of a trial day about any issue which should be considered at the conclusion of that trial day;

18. That to facilitate preparation, marshaling, and consideration of proposed jury instructions and verdict forms, the parties shall identify and enumerate each individual jury instruction in the heading or title as specified in REB Civ. Practice Standard IV.E.4.; provided, furthermore, the parties shall similarly identify and enumerate all proposed verdict forms and special interrogatories;

19. That closing argument shall be limited to forty-five **(45)** minutes total for each party; and

20. That pursuant to REB Civ. Practice Standard IV.A.2.b., the Final Pretrial Order as modified or supplemented by this Trial Preparation Conference Order and any order entered during the Trial Preparation Conference shall control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval of the court or by order of the court to prevent manifest injustice.

Dated September 23, 2010, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge