IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02523-REB-MEH

RONALD L. TRUJILLO,

    Plaintiff,

v.

MISS CAMBELL (Deputy Sheriff),
MR. CHRISTIAN (Deputy Sheriff),
MR. CAMBELL, (Deputy Sheriff), and
SGT. MISS. KINNER (Deputy Sheriff),

    Defendants.

## RECOMMENDATION FOR DISMISSAL FOR
## FAILURE TO PROSECUTE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court *sua sponte*, due to Plaintiff's failure to respond to the Court's Order to Show Cause and Plaintiff's failure to respond to Defendants' Motion for Summary Judgment. For the reasons stated below, the Court recommends this case be **dismissed without prejudice**, and Defendants' pending Motion for Summary Judgment [filed February 14, 2011; docket #50] be **denied as moot**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file

## I.   Background

Plaintiff initiated this lawsuit *pro se* on October 27, 2009. (Dockets ##1, 2.) Plaintiff filed an Amended Complaint on June 24, 2010, which is the governing pleading. (Docket #20.) Defendants answered on August 4, 2010, then filed the motion for summary judgment presently before the Court on February 14, 2011. (*See* dockets ##32, 50.)

On February 16, 2011, the Court issued a minute order instructing Plaintiff to respond to the motion for summary judgment on or before March 9, 2011. (Docket #53.) Plaintiff did not respond, nor did Plaintiff request an extension of time in which to do so. The Court then issued an Order to Show Cause, returnable by Plaintiff in writing to the Court on or before March 28, 2011. (Docket #56.) Again, Plaintiff did not respond, nor did he request an extension of time in which to do so. To date, Plaintiff has not responded to the motion for summary judgment nor to the Order to Show Cause.

## II.   Discussion

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence. The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994). Plaintiff was ordered to respond to Defendants' motion for summary judgment and an Order to Show Cause, but failed to do so within

---

written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

the required time frame. Additionally, Plaintiff has made no request for an extension of time in which to file a response.

The Federal Rules of Civil Procedure give a district court ample tools to deal with a recalcitrant litigant. *See Jones v. Thompson*, 996 F.2d 261, 264 (10th Cir. 1993). Federal Rule of Civil Procedure 41(b) allows a defendant to move for dismissal of an action if the plaintiff fails to prosecute or to comply with a court order. *See id. See also Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). *See also Hawkinson v. Montoya*, 283 F. App'x 659, at *2 n.2 (10th Cir. 2008) (unpublished) (citing *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007)). When evaluating grounds for dismissal of an action, the Court looks to the following *Ehrenhaus* factors:

> (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; … (3) the culpability of the litigant, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) the efficacy of lesser sanctions.

*Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992) (citations omitted).

Regarding the first factor, Plaintiff's failure to respond to Defendants' motion for summary judgment adversely affects Defendants' proceeding in this matter by impeding the Court's ability to review both parties' pleadings for consideration in reaching a fair and just conclusion of Plaintiff's claims. In satisfaction of the second factor, Plaintiff's non-compliance with the judicial process by failing to comply with the Court's orders flouts the Court's authority, similar to the Tenth Circuit's determination in *Ehrenhaus*. Additionally, Plaintiff's failure to respond to the Court's

orders compels the Court's continuous monitoring of this matter, in turn increasing the workload of the Court and therefore interfering with the administration of justice.

In evaluating the third factor, the Court expressly ordered Plaintiff to respond to the Order to Show Cause and to Defendants' motion for summary judgment. The record of Plaintiff's failure to respond to the Court's orders leads the Court to believe Plaintiff is culpable under these circumstances. The warning in the Court's Order to Show Cause gave Plaintiff notice that claims could be dismissed as a result of his failure to respond, in satisfaction of the fourth factor.

In considering the fifth factor regarding efficacy of lesser sanctions, the Court recommends dismissal without prejudice. Dismissal with prejudice "represents an extreme sanction appropriate only in cases of willful misconduct," and should be used "as a weapon of last, rather than first, resort," particularly in *pro se* cases. *Ehrenhaus*, 965 F.2d at 920. *See also Butler v. Butierres*, 227 F. App'x 719, 720 (10th Cir. 2007) (remanding dismissal with prejudice for determination of willfulness); *Cosby v. Meadors*, 351 F.3d 1324, 1334 (10th Cir. 2003) ("We caution, however, that our review of Plaintiff's egregious misconduct should not be interpreted as suggesting that equally egregious misconduct is necessary to justify dismissal with prejudice.").

Plaintiff has failed to prosecute this case with due diligence by his failure to comply with the minute order instructing him respond to Defendants' motion for summary judgment and his failure to respond to this Court's Order to Show Cause, or to properly request an extension of time to respond if he was unable to do so in a timely fashion. For these reasons, dismissal without prejudice of this action is warranted.

The Court recognizes that on March 7, 2011, Defendants filed a status report to the Court indicating that Plaintiff, in his place of incarceration, is presently "subject to significant restrictions

which affect his access to mail as well as telephone and computer privileges." (Docket #55 at 2.) Defendants also inform the Court that the probation officer "stated that the Plaintiff had been recently hospitalized with pneumonia." (*Id.*) The Court realizes that incarceration can pose a number of obstacles to the prosecution of a lawsuit; however, these obstacles are more the norm in these types of cases and less of a special circumstance for the Court to consider. Of course, Plaintiff may object to this recommendation and explain these deficiencies, if he so chooses, and the District Court may evaluate his objection in its adjudication of this recommendation.

**III.  Conclusion**

Based on the foregoing and the entire record herein, the Court hereby **RECOMMENDS** that the District Court **dismiss without prejudice** this case for Plaintiff's failure to prosecute this action and **deny as moot** Defendants' pending Motion for Summary Judgment [filed February 14, 2011; docket #50].

Respectfully submitted this 5th day of April, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge