**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-02523-REB-MEH

RONALD L. TRUJILLO, an individual,

    Plaintiff,

v.

MISS CAMPBELL, (Deputy Sheriff),
MR. CHRISTIAN, (Deputy Sheriff),
MR. CAMPBELL, (Deputy Sheriff), and
SGT. MS. SKINNER (Deputy Sheriff),

    Defendants.

**ORDER ADOPTING IN PART AND REJECTING IN PART
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are (1) the magistrate judge's **Recommendation for Dismissal for Failure To Prosecute** [#60][1] filed April 5, 2011; and (2) defendants' **Motion To Vacate Trial Preparation Conference Scheduled for May 6, 2011 and Trial to a Jury Set For May 23, 2011** [#63], filed May 4, 2011.  I adopt the recommendation in part and deny it in part, referring and returning the matter to the magistrate judge for further consideration.

The recommendation of the magistrate judge is detailed and well-reasoned.  I concur with his ultimate conclusion that this case should be dismissed for failure to prosecute.  Nevertheless, the recommendation of a dismissal without prejudice fails to

---

[1] "[#60]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF).  I use this convention throughout this order.

consider the possibility that plaintiff's first cause of action, which involves events alleged to have occurred on April 27, 2009, even if nominally dismissed without prejudice, may be barred by the two-year statute of limitations applicable to constitutional claims brought pursuant to 42 U.S.C. § 1983.[2]  **See Wilson v. Garcia**, 471 U.S. 261, 275, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); **Workman v. Jordan**, 32 F.3d 475, 482 (10th Cir. 1994).   Under those circumstances, the court must explain why such an extreme result would be appropriate.  **See Florence v. Decker**, 153 Fed. Appx. 478, 480 (10th Cir. Oct. 28, 2005); **Woodmore v. Git-N-Go**, 790 F.2d 1497, 1499 (10th Cir. 1986).

Here, although an outright dismissal with prejudice was an option available for plaintiff's failure to prosecute, the magistrate judge clearly believed he was recommending a lesser sanction.  Accordingly, I find and conclude that reconsideration of these matters is warranted.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation for Dismissal for Failure To Prosecute** [#60], filed April 5, 2011, is **APPROVED** and **ADOPTED** in part and **REJECTED** in part as follows;

    a. That the recommendation is **APPROVED** and **ADOPTED** to the extent it recommends that this matter be dismissed for failure to prosecute; and

    b. That the recommendation is **REJECTED** to the extent that it recommends that any such dismissal be without prejudice;

2. That the **County Defendants' Combine Motion For Summary Judgment**

---

[2] Other causes of action either are undated or implicate events alleged to have occurred later in 2009.

[#50], filed February 14, 2011, is **DENIED** as moot;

    3.  That the **Motion To Vacate Trial Preparation Conference Scheduled for May 6, 2011 and Trial to a Jury Set For May 23, 2011**[#63], filed May 4, 2011, is **GRANTED IN PART** and **DENIED IN PART** as follows:

    a.  That the motion is **GRANTED** to the extent it seeks to vacate the currently scheduled Trial Preparation Conference and continue that matter to a later date; and

    b.  That in all other respects, the motion is **DENIED**;

    4.  That the Trial Preparation Conference, currently set for **Friday, May 6, 2011**, at **4:00 p.m.**, is **VACATED** and **CONTINUED**, pending further order of the court; and

    5.  That this matter is respectfully **REFERRED** to the magistrate judge for further consideration in light of this order.

    Dated May 5, 2011, at Denver, Colorado.

    **BY THE COURT:**

Robert E. Blackburn
United States District Judge