IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-02523-REB-MEH

RONALD L. TRUJILLO,

     Plaintiff,

v.

MISS CAMBELL (Deputy Sheriff),
MR. CHRISTIAN (Deputy Sheriff),
MR. CAMBELL, (Deputy Sheriff), and
SGT. MISS. KINNER (Deputy Sheriff),

     Defendants.

## SECOND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge.**

This matter comes before the Court upon the District Court's May 5, 2011 Order adopting in part and rejecting in part this Court's initial Recommendation issued April 5, 2011. (Docket #64.) The sole issue before the Court is the effect of dismissal without prejudice on the statute of limitations as applied to Plaintiff's first cause of action. (*Id*. at 1-2.)

The Court believes that, in large part, dismissal without prejudice is appropriate here. The initial recommendation was issued because Plaintiff did not respond to Defendants' motion for summary judgment or the Court's Order to Show Cause, nor did Plaintiff request an extension of time in which to do so. Defendants had indicated that Plaintiff was hospitalized with pneumonia, which leads the Court to believe that perhaps Plaintiff's failure to respond was due to this

hospitalization.[1]  However, Plaintiff did not file objections to this Court's initial recommendation; thus, the failure to respond remains unexplained and unexcused.

Plaintiff brought this suit pursuant to 42 U.S.C. § 1983, which is governed by a two-year statute of limitations.  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) ("the statute of limitations for § 1983 actions brought in Colorado is two years from the time the cause of action accrued.").  Plaintiff's Claim One arises from an event dated April 27, 2009.  (Docket #20 at 5.)  The four remaining claims, Claims Two through Five, occurred in August and October 2009.  (*See id.* at 6-9.)  Thus, dismissal without prejudice would have the effect of a dismissal with prejudice as applied to Claim One, due to the two-year statute of limitations.

Although Plaintiff is proceeding in this case without an attorney, he bears the responsibility of prosecuting this case with due diligence.  The Court must liberally construe *pro se* filings; however, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *see also Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).  Furthermore, *pro se* status does not excuse a litigant from the consequences of an expired statute of limitations.

"Dismissal represents an extreme sanction appropriate only in cases of willful misconduct." *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992) (citations omitted).  "Because dismissal with prejudice 'defeats altogether a litigant's right to access to the courts,' it should be used as 'a weapon of last, rather than first, resort.'" *Ehrenhaus*, 965 F.2d at 920.  Dismissal with prejudice should occur only where there has been a "clear record of delay or contumacious conduct by the plaintiff."  *Meade v. Grubbs*, 841 F.2d 1512, 1520 n.6 (10th Cir. 1988) (citation omitted).

---

[1]As persuasively held by the Eleventh Circuit, "[a] party's simple negligence in complying with a court's order does not warrant dismissal."  *Ford v. Fogarty Van Lines, Inc.*, 780 F.2d 1582, 1583 (11th Cir. 1986).

Here, Plaintiff had notice that the Court recommended dismissal without prejudice, yet filed no objection based on the statute of limitations or otherwise. (*See* docket #62 (Certificate of Service).) The Court can only conclude that Plaintiff has no interest in prosecuting this matter. Plaintiff's persistent failure to respond and failure to object demonstrates a record of delaying the adjudication of his claims, in addition to a record of indifference as to the outcome. Therefore, the Court finds that dismissal with prejudice, at least as to Claim One, is appropriate.[2]

Accordingly, the Court **RECOMMENDS** Claim One be **DISMISSED WITH PREJUDICE** and Claims Two, Three, Four and Five be **DISMISSED WITHOUT PREJUDICE**.[3]

Respectfully submitted this 6th day of May, 2011, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] Review of Plaintiff's Complaint reveals that the first claim is easily severable from the remaining claims, and dismissal of this claim with prejudice does not harm Plaintiff's ability to bring claims two through five in a subsequent lawsuit, if timely filed.

[3] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).